IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
File No.: 5:22-CV-174-KDB-DSC

| | |
|---|---|
| KASHA M. FERGUSON,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN L. POPE and YRC INC. dba YRC FREIGHT,<br><br>      Defendants. | **CONSENT PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

THIS MATTER comes before the Court upon the motion of Defendants John L. Pope and YRC Inc. dba YRC Freight, with the consent of Plaintiff Kasha M. Ferguson for entry of a Consent Protective Order, and it appearing to the Court for good cause shown that discovery and the trial of this action may involve the production and disclosure of proprietary information such that the entry of this Consent Protective Order providing protection against unrestricted disclosure or use is appropriate.

THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern all information and documents disclosed, produced, or filed in this action:

1. Certain information and documents to be produced by Plaintiff and Defendants in this litigation may contain confidential and/or proprietary information that would cause harm if disclosed and should be considered confidential and protected from unreasonable disclosure pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

2. Prior to its production, any party may designate documents or other materials as containing CONFIDENTIAL INFORMATION. The parties agree, and the Court orders, that the

parties treat these categories of documents as protected, subject to the terms of this Consent Protective Order.

3. Only the following "Qualified Persons" are entitled to review and utilize documents or materials containing CONFIDENTIAL INFORMATION produced pursuant to the terms of this Order, subject to any limitations in this Order:

(1) Counsel for each party, including any necessary paralegal, secretarial, clerical, or office personnel of such counsel;

(2) The named parties and any necessary employees or former employees thereof, all of whom shall review a copy of this Order and then agree to fully comply with the terms of this Order prior to disclosure;

3) All experts, consultants, and their respective staff and/or agents, retained by any of the parties for purposes of this litigation, provided that the experts, consultants, staff and/or agents have agreed to comply fully with this Order;

(4) Witnesses who are asked to review this CONFIDENTIAL INFORMATION during the course of a deposition or trial in this litigation;

(5) Court reporters retained to transcribe testimony;

(6) Any mediator(s) agreed to by both sides or selected by the Court;

(7) The Court and court personnel including stenographic reporters;

(8) Any other person who is later designated as a Qualified Person by Order of the Court or agreement of the parties.

4. The CONFIDENTIAL INFORMATION identified above will be designated by marking the initial page at or before the time of production as "CONFIDENTIAL". The parties may comply with this Order by either marking the original documents or the copies that are produced or exchanged. With respect to data disks, videos, or other tangible items, this provision may be complied with by labeling such items as "CONFIDENTIAL".

5. A Qualified Person who receives CONFIDENTIAL INFORMATION shall not make it available to persons or entities other than Qualified Persons as defined in paragraph 3. The CONFIDENTIAL INFORMATION produced in accordance with this Order shall be used solely for purposes of prosecuting or defending this litigation and shall not be used or disclosed for any other purpose.

6. The parties and their attorneys shall advise any representative or consultant having access to documents or information designated as "CONFIDENTIAL" that said representatives or consultants shall be bound by this Order. All such consultants shall, upon conclusion of this litigation, destroy all documents designated as "CONFIDENTIAL".

7. Unless all parties agree on the record at the time deposition testimony is taken, all deposition testimony taken in this case shall be treated as CONFIDENTIAL INFORMATION until the expiration of the following: No later than the thirtieth day after the transcript is delivered to any party or the witness, and in no event later than sixty days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated CONFIDENTIAL INFORMATION, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as CONFIDENTIAL INFORMATION, unless otherwise

ordered by the Court. Notwithstanding the foregoing, any documents or information identified as "CONFIDENTIAL" prior to any deposition testimony shall remain confidential.

8. The designation of any material or document as CONFIDENTIAL INFORMATION is subject to challenge by any party. The attorneys of record shall first make good faith efforts to resolve any such challenges by consent. Any remaining disagreements shall be resolved by motion practice. Until the Court rules on the challenge, all parties shall continue to treat the materials as CONFIDENTIAL INFORMATION under the terms of this Order.

9. Pursuant to Section III.G. of the Pretrial Order and Case Management Plan, "any motion, memorandum, document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing made under seal is subject to Local Rule 6.1 and applicable law." In the event that either party wishes to file with the Court documents or materials designated as "CONFIDENTIAL", the party must follow the procedures set forth in Western District of North Carolina Local Civil Rule 6.1 and Section 11 of the Western District of North Carolina's Administrative Procedures Governing Filing and Service by Electronic Means.

10. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. Before any part of CONFIDENTIAL INFORMATION is offered in evidence at the trial or any hearing in this action, the offering party or his or her attorney shall give opposing counsel reasonable notice of the intent to offer and an opportunity to object or otherwise plead for relief consistent with the objectives of this Order.

11. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony, or thing: (1) is relevant and subject to discovery; (2) is or is not confidential or proprietary information; (3) constitutes or does not

4

Case 5:22-cv-00174-KDB-DSC   Document 12   Filed 02/06/23   Page 4 of 8

constitute confidential records; or (4) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

12. Pursuant to Section III.G. of the Pretrial Order and Case Management Plan, "the ultimate disposition of protected materials [is] subject to a final order of the Court upon the completion of litigation."

13. Unless otherwise ordered by the Court, any original materials or hard copy duplicates, including tapes, discs, and photographs, identified by any party as "CONFIDENTIAL" shall within sixty days after the conclusion of this action by settlement or final judgment, be returned to the party producing such documents or information. Unless otherwise ordered by the Court, if counsel for a party chooses to destroy such tangible records instead of returning the records, he or she must send written confirmation to opposing counsel that the records have been destroyed within sixty days. Where such records identified by any party as "CONFIDENTIAL" have been exchanged and/or stored in electronic format, unless otherwise ordered by the Court, within sixty days after the conclusion of this action by settlement or final judgment, counsel for any party who has received or stored confidential records electronically shall send written confirmation to counsel for the producing party providing notice that the electronic records have been deleted from all locations where they have been stored (including but not limited to private and shared networks, computer hard drives, and emails with confidential documents attached).

14. Notwithstanding any contrary terms in this Consent Protective Order, the return of trial exhibits by the Court is governed by the Document Disposition Plan found in Appendix I of the Western District of North Carolina's Administrative Procedures Governing Filing and Service

by Electronic Means.

15. This Order shall continue in full force and effect after the termination of this litigation, including all appeals, and the Court shall retain jurisdiction necessary to enforce the terms of this Order. However, this Order shall be subject to revocation or modification by order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice, including the opportunity for hearing and presentation of evidence, should the Court so decide.

**SO ORDERED**.

Signed: February 5, 2023

David S. Cayer
United States Magistrate Judge

CONSENTED TO:

| DEMAYO LAW OFFICES, LLP | YOUNG MOORE AND HENDERSON, P.A. |
|---|---|
| By: /s/ Adrienne S. Blocker<br>    Adrienne S. Blocker<br>    State Bar No. 25282<br>    Post Office Box 34426<br>    Charlotte, North Carolina 28234<br>    Phone: (704) 632-1592<br>    ABlocker@DeMayolaw.com<br>    *Attorney for Plaintiff* | By: /s/ Shannon S. Frankel<br>    Shannon S. Frankel<br>    State Bar No. 33926<br>    Angela Farag Craddock<br>    State Bar No. 32667<br>    Post Office Box 31627<br>    Raleigh, North Carolina 27622<br>    Phone: (919) 782-6860<br>    Shannon.Frankel@youngmoorelaw.com<br>    Angela.Craddock@youngmoorelaw.com<br>    *Attorneys for Defendants* |

# CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February, 2023, I submitted the foregoing Consent Protective Order Regarding Confidential Information to the Court via Cyberclerk and served a copy of the same, via email, to the following:

Adrienne S. Blocker
DeMayo Law Offices, LLP
Post Office Box 34426
Charlotte, North Carolina 28234
Phone: (704) 333-1000
Email: ABlocker@DeMayolaw.com
*Attorney for Plaintiff*

YOUNG MOORE AND HENDERSON, P.A.

By: /s/ Shannon S. Frankel
SHANNON S. FRANKEL
State Bar No. 33926
ANGELA FARAG CRADDOCK
State Bar No. 32667
Post Office Box 31627
Raleigh, North Carolina 27622
Phone: (919) 782-6860
Shannon.Frankel@youngmoorelaw.com
Angela.Craddock@youngmoorelaw.com
*Attorneys for Defendants*

5938264/1125-07